

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:19-CR-153** |
| | § | |
| | § | |
| **JEFFERY SCOTT HIGGINBOTHAM** | § | |

**REPORT AND RECOMMENDATION**
**ON DEFENDANT'S COMPETENCY**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now enters its recommendation that the District Court find the defendant, Jeffery Scott Higginbotham, competent to proceed.

A.   Procedural Background and the Forensic Psychologist's Report

On November 22, 2019, pursuant to the motion of counsel, the undersigned entered an order directing the mental examination of the defendant (doc. #14). In that order, the Court directed that the defendant be committed to the custody of the Attorney General for placement in a suitable facility for an examination by a psychiatrist or psychologist to determine whether,

pursuant to 18 U.S.C. § 4241, he is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The Court received notification from the warden at the Metropolitan Correctional Center in San Diego, California, that a psychological evaluation had been completed pursuant to the Court's order. Jamie Juaregui, Ph. D., forensic psychologist, issued her report concluding that the defendant "**is not** currently suffering from a mental disease or defect that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, or substantially impair his ability to properly assist counsel in a defense." *See Sealed Report* (doc. #17), at p. 11. Dr. Juaregui noted that while Mr. Higginbotham has a cyclical mood disorder, it is considered to be in partial remission and well-controlled at this time. *See id.* The evaluator therefore opined that Mr. Higginbotham is competent to proceed at this time. *See id.*

The competency report, which reflects the examiner's method of evaluation and opinion in detail and sets forth the corresponding psychological findings and recommendations, was filed in the record under seal and provided to both the defendant and the attorney for the Government. On June 30, 2020, the Court conducted a competency hearing to address the findings set forth in the psychological report. Given the opportunity, neither party objected to the examiner's conclusion that Mr. Higginbotham is competent.

B.  Conclusion and Recommendation

Accordingly, based upon the opinion issued by the forensic psychological examiner, the undersigned recommends that the District Court find the defendant, Jeffery Scott Higginbotham, competent to proceed pursuant to 18 U.S.C. § 4241.

C.  Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 30th day of June, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE